IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **VICKIE SMITH,** | CIVIL NO. 1:CV-05-1003 |
| **Plaintiff** | |
| v. | |
| **CENTRAL DAUPHIN SCHOOL DISTRICT, BARBARA HASSON, YVONNE HOLLINS, and RICHARD MAZZATESTA,** | |
| **Defendants** | |

## MEMORANDUM AND ORDER

Before the court is the issue of whether certain inquiries made by Plaintiff's counsel of Defendants' witnesses during depositions encroached upon the attorney-client privilege. The elements required to establish the existence of the attorney-client privilege are "(1) a communication (2) made between privileged persons (3) in confidence (4) for the purpose of seeking, obtaining or providing legal assistance to the client." Restatement, The Law Governing Lawyers, § 118 (Tentative Draft No. 1, 1988.)

The privilege must be affirmatively raised and cannot have been waived. The burden of demonstrating the applicability of the privilege lies with those asserting it. *United States v. Legal Servs. of New York City*, 249 F.3d 1077, 1081 (D.C. Cir. 2001). That burden requires a showing that the privilege applies to each communication for which it is asserted. *Id.* at 1082 (citations omitted). Not all communications to and from counsel are privileged; rather, they must relate to legal

advice. "The attorney-client privilege has never been construed to prevent disclosure that a person retained an attorney for a particular purpose." *Evans v. Atwood*, 177 F.R.D. 1, 4 (D. D.C. 1997). "The privilege protects the communications made by the attorney to the client only insofar as the attorney's communications disclose the confidential communication from the client." *Id.* at 3; *see also Burton v. R.J. Reynolds Tobacco Co.*, 177 F.R.D. 491, 500 (D. Kan. 1997). Questions asking whether discussions concerning various subjects were had that do not reveal the substance of an attorney-client communication are not protected by the privilege. *Id.*

Thus, a blanket assertion that an attorney is present at a closed meeting for the purpose of obtaining legal advice is insufficient to give everything said at the meeting the coverage of the privilege. This appears to be the position asserted by the Defendants, which they deny; however, a review of relevant portions of the depositions belies their position.

> MR. ELLISON: Anything that is discussed in executive session to the extent that counsel is present in those conversations involve counsel is privileged.

(Yvonne E. Hollins Dep. 57: 12-15, May 26, 2006.) The fact that counsel may have been involved in conversations at the executive session does not make the contents of those conversations privileged unless he gave legal advice that would disclose the confidential communication of the client. During the Hollins deposition, there were several inquiries that did not involve a violation of privilege as defined by the cases cited above.

> Q: Well, specifically, were there any executive sessions where Vickie Smith was discussed?

(*Id.* 58: 3-4.)

2

> Q: . . . All I'm asking is, do you have a recollection of any executive session to the school board where Vickie Smith was discussed and counsel was not consulted?

(*Id.* 58: 10-13.)

> MR BAILEY: Do you remember in any of those executive sessions whether Vickie Smith was discussed and counsel offered advice but there were facts about Vickie Smith that were discussed?

(*Id.* 58: 15-18.)

> MR. BAILEY: Do you remember any executive session meetings where Vickie Smith even came up?

(*Id.* 58: 20-21.)

In addition, during the deposition of Richard Mazzatesta, the following question was asked:

> Q: Well, how many executive sessions of the Central Dauphin School District have you attended where Vickie Smith was discussed?

(Richard Mazzatesta Dep. 10: 3-5, May 17, 2006.) The questions identified here do not seek information that would reveal the substance of confidential attorney-client communications, but simply attempt to determine whether Vickie Smith was a topic of discussion during the executive sessions. Therefore, these questions do not involve the attorney-client privilege.

Similarly, during the deposition of Barbara Hasson, the question concerned the topic of the discussion and did not require any inquiry into advice counsel gave that would have revealed any protected client communication that resulted in attorney advice. (Barbara Hasson Dep. 104: 16 - 109: 4, May 17, 2006.)

Nothing presented in the depositions to date implicates the attorney-client privilege based on the previously cited cases. Defendants cite *Morrell v. Borough of Throop*, No.3:04cv1690, 2005 U.S. Dist. Lexis 7192 (M.D. Pa. Apr. 5, 2005) to support their position. In *Morrell*, an attorney's deposition was being taken

3

wherein he was asked what he advised his client as to his appraisal of the merits of the law suit. The court considered that to be an inquiry into legal advice that was protected.[1]

Here, the form affidavits of two school board members include general statements that the purpose of the closed session was to secure a legal opinion regarding personnel decisions. As discussed above, that does not extend the protections of the attorney-client privilege to everything said at the meeting. However, it is interesting to note that Dr. Hasson stated that the reason for having the executive session was so that "if the board member objects to anything, then that person's name is not presented publicly so that they are not embarrassed." (Barbara Hasson Dep. 121: 21-24, May 17, 2006.)

There are no transcripts or video or audio records of the executive session of the Central Dauphin School District meeting in the Spring of 2004. This court, therefore, cannot determine precisely when and where the privilege might apply. Based on the authority cited above, however, all instances in the depositions presented to the court where the attorney-client privilege was invoked are without merit.

Plaintiff will be given an opportunity to re-depose the witnesses as to those questions to which the attorney-client privilege was raised. Counsel are advised, however, that follow-up questions that do attempt to elicit advice of counsel that discloses confidential communications from the client are subject to the attorney-client privilege.

---

[1] Based on *Evans v. Atwood*, 177 F.R.D. 1, 4 (D. D.C. 1997), cited previously, it could be argued that unless his response revealed any client communication upon which his advice was rendered, it may not have been privileged.

4

The order below will set forth new case management deadlines.

**IT IS THEREFORE ORDERED THAT**:

1) Plaintiff is granted leave to re-depose witnesses in accordance with the memorandum above.

2) Any discovery that has not been forthcoming by either side shall be produced prior to the close of discovery.

3) The deadline for completion of discovery is extended to October 30, 2006.

4) Dispositive motions and supporting briefs shall be filed no later than November 17, 2006.

5) All motions *in limine*, if any, accompanied by supporting briefs, shall be filed no later than January 9, 2007, responses to motions *in limine* shall be filed no later than January 19, 2007, and reply briefs to motions *in limine* shall be filed no later than January 26, 2007.

5) Pretrial memoranda shall be filed on or before noon on February 9, 2007, in conformity with the local rules.

6) The pretrial conference is rescheduled from January 19, 2007 to Friday, February 16, 2007 at 10:00 a.m., in the chambers of Courtroom No. 3.

5

7) This case is removed from the February 2007 trial list and placed on the March 2007 trial list. Jury selection for cases on the March list will begin at 9:30 a.m. on Monday, March 5, 2007, in Courtroom No. 3, Eighth Floor, Federal Building, Third and Walnut Streets, Harrisburg, Pennsylvania. Trials will commence following the completion of jury selections. A date certain for trial may be discussed at the pretrial conference; however, counsel are expected to be prepared to go forward with trial at anytime during the trial term.

                                                    s/Sylvia H. Rambo
                                                    SYLVIA H. RAMBO
                                                    United States District Judge

Dated: August 3, 2006.