**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **VICKI SMITH,** | : | **Civil No. 1:05-CV-01003** |
| **Plaintiff** | : | **JUDGE SYLVIA H. RAMBO** |
| | : | |
| **v.** | : | |
| | : | |
| **CENTRAL DAUPHIN SCHOOL** | : | |
| **DISTRICT, BARBARA HASSON,** | : | |
| **YVONNE HOLLINS, and** | : | |
| **RICHARD MAZZATESTA,** | : | |
| | : | |
| **Defendants** | : | |

**M E M O R A N D U M and O R D E R**

Before the court is Defendants' motion to compel discovery, for extension of the discovery deadline, and for sanctions against Plaintiff and Plaintiff's counsel. The court will grant the motion to compel and to extend the discovery deadline, but will defer decision on the motion for sanctions.

The facts pertinent to this memorandum and order are as follows. Plaintiff seeks damages for physical and emotional injuries inflicted by Defendants. To prepare their defense on emotional injury, Defendants sought to discover Plaintiff's psychiatric and psychological records. To that end, on March 30, 2006, Defendants propounded interrogatories on Plaintiff requesting that she "identify" individuals with knowledge of the facts concerning her case on the issue. (Defs.' Interrogs. Directed to Pl. – 1st Set ¶ 2.) To "identify" a person, according to the definitions section of the interrogatories, meant to provide the name of a person and the person's present or last known residence and employment address. (*Id.* at 3.) In response, on June 14, 2006, Plaintiff filed a list of names with job titles, but no

contact information.[1]  (Pl.'s Answers to Interrogs. ¶ 2.)  These names included Dr.
Shawna Brent and Carol Flory.  (*Id.* ¶ 2.)  Dr. Brent is Plaintiff's psychiatrist.  (Pl.'s
Answers to 2d Set of Interrogs. ¶ 1.)  Ms. Flory is Plaintiff's family therapist.  (*Id.*)

Also on March 30, 2006, Defendants served Plaintiff with a requests for
the production of documents, one of which asked for all documents from any
psychiatrist, psychologist, therapist, counselor or social worker that contained
information about Plaintiff's emotional distress.  (Defs.' Requests for Prod. of Docs.
Directed to Pl. – 1st Set ¶ 7.)  Plaintiff's response to the request for production of
documents from her mental health workers, filed on June 14, 2006, advised
Defendants to send authorizations for the release of medical records directly to each
treating doctor or therapist.  (Answers to Prod. of Docs. ¶ 7.)  At this time, Plaintiff
had not provided the addresses for Dr. Brent and Ms. Flory.

On September 26, 2006, Defendants propounded another set of
interrogatories.[2]  The interrogatories requested that Plaintiff "identify" Dr. Brent and
Ms. Flory, among other persons.  (Defs.' Interrogs. Directed to Pl. – 2d Set ¶ 1.)
This time, Defendants specifically requested information including their addresses,
phone numbers, the nature of their knowledge concerning Plaintiff's claims, and
whether they would be called as trial witnesses.  (*Id.*)  Of the numerous medical
professionals listed as having treated Plaintiff, Dr. Brent and Ms. Flory appear to be
the only individuals with knowledge of Plaintiff's psychiatric and psychological

---

[1]The court notes that Plaintiff certified the answers to the interrogatories on May 10, 2006,
but Plaintiff's counsel did not serve the answers upon Defendants until June 14, 2006, more than a
month later.  (Pl.'s Answers to Interrogs. Cert. of Serv. & Verification.)

[2]The court notes that counsel for Defendants contacted counsel for Plaintiff in writing three
times between September 21, 2006 and October 10, 2006, seeking complete information for Dr. Brent
and Ms. Flory.  (Defs.' Ex. B.)

history.  (*See* Pl.'s Answers to 2d Set of Interrogs ¶ 1.)  Plaintiff's response, with the complete information requested, was served on October 26, 2006.

On October 27, 2006, counsel for Defendants sent Plaintiff's counsel authorizations for the release of medical records held by Dr. Brent and Ms. Flory. (Defs.' Ex. C.)  They asked that Plaintiff sign the authorizations and return them to Defendants' counsel by November 3, 2006, so that they could review the records before deposing Dr. Brent and Ms. Flory.  (*Id.*)  Having received no response by November 10, 2006, counsel for Defendants sent another letter to Plaintiff's counsel with another copy of the authorizations and requested that they be returned by November 15, 2006.  (Defs.' Ex. D.)  On November 14, 2006, the completed authorizations were faxed to Defendants' counsel.  (Defs.' Ex. E.)  Defense counsel forwarded the authorizations to Dr. Brent and Ms. Flory.  (Defs.' Ex. F.)  In a phone call on November 20, 2006, however, Dr. Brent and Ms. Flory informed Defense counsel that Plaintiff had rescinded the authorizations.  (*Id.*)  As a result, they refused to deliver her records of treatment for mental health.  (*Id.*)  Because Defendants were not able to review Plaintiff's mental health medical records, they did not depose Dr. Brent or Ms. Flory.  Plaintiff asserts that she rescinded the authorizations because Dr. Brent expressed "strong objections" to disclosing Plaintiff's records based on her professional ethics.

On November 22, 2006, Defendants filed the instant motion to compel discovery of Plaintiff's medical health records held by Dr. Brent and Ms. Flory – specifically, to compel Plaintiff to execute new authorizations for the release of those records.  (Doc. 49.)  Defendants also seek an extension of the discovery deadline, which expired on December 15, 2006, to permit them to review the records

and depose both women. (*Id.*) They request that the court order sanctions in the form of attorneys' fees because of Plaintiff's continued refusal to respond to discovery. (*Id.*)

In the federal system, privilege attaches to communications between a patient and her psychotherapist. *Jaffee v. Redmond*, 518 U.S. 1, 15, (1996). When a plaintiff puts her mental health at issue in a civil law suit, however, she impliedly waives the protection of the privilege. *Schoffstall v. Henderson*, 223 F.3d 818, 823 (8th Cir. 2000); *Sanchez v. U.S. Airways, Inc.*, 202 F.R.D. 131, 136 (E.D. Pa. 2001)*; Topol v. Trs. of the Univ. of Pa.*, 160 F.R.D. 476, 477 (E.D. Pa. 1995). Even so, when a court is faced with a discovery fight over whether a plaintiff's mental health records should be produced, it must balance the interests of both parties to determine the propriety of production. *Sanchez*, 202 F.R.D. at 136; *Premack v. J.C.J. Oger, Inc.*, 148 F.R.D. 140, 145 (E.D. Pa. 1993). A plaintiff has a privacy interest in her history of mental health treatment, but a defendant has an interest in discovering facts that may show that it is not liable for alleged damages. A defendant has a particularly strong interest in discovering a plaintiff's mental health records when there are numerous potential causes of a plaintiff's alleged emotional distress. *Sanchez*, 202 F.R.D. at 136. Evidence on the other causes could lead to reduced liability or complete exoneration for a defendant alleged to have caused injury to a plaintiff's mental health. A court may compel a plaintiff to authorize release of her mental health records when the interests of the defendant so require. *Sarko v. Penn-Del Directory Co.*, 170 F.R.D. 127, 131 (E.D. Pa. 1997).

There are numerous ways to protect a plaintiff's interest in privacy. First, no plaintiff is compelled to put her mental health at issue. She may decline to

4

bring a claim for emotional damages if her interest in keeping her records private is particularly strong.  Second, her counsel may seek a protective order before producing such records to ensure that they are disclosed to a limited number of persons involved with the litigation.  Fed. R. Civ. P. 26(c).  Third, the court has discretion to fashion an appropriate mechanism for discovery of sensitive information.  *Id.*

Here, Plaintiff has put at issue her emotional and psychological health.  By doing so, she has waived any right to claim the protection of the psychotherapist-patient privilege.  The records about her history of mental health, in the possession of Dr. Brent and Ms. Flory, are relevant to the issue of emotional damages.  Defendants are entitled to discover the information contained therein to prepare their defense.  In the submissions to the court on this motion, there are suggestions that Plaintiff was having difficulties in her life that impacted her mental health, which difficulties were unrelated to the claim against Defendants.  Information about such events may limit the liability of Defendants or show that they are not liable at all for injury to her mental health.  Defendants are entitled to discover such information.

Even so, the court recognizes that Plaintiff has a privacy interest in maintaining the confidentiality of her records of mental health treatment.  To protect that interest, the court will order Plaintiff to execute authorizations for Dr. Brent and Ms. Flory to release, to the court, records of her course of psychiatric and psychological treatment.  The court will review the records *in camera* to determine whether they should be redacted in any manner before being produced to Defendants.  In the alternative, if Plaintiff does not wish to produce her mental

health records, she may dismiss her claims against Defendants for emotional distress in their entirety.

In light of the foregoing and having considered the contents of the briefs and exhibits on this motion, **IT IS HEREBY ORDERED THAT:**

1) Defendants' motion to compel Plaintiff to execute authorizations for the release of medical records in the possession of Dr. Shawna Brent and Carol Flory is **GRANTED**, with the following instructions:

a) The authorizations shall be signed by Plaintiff and shall direct Dr. Brent and Ms. Flory to send Plaintiff's medical records, in their entirety, to the undersigned judge. The court will review the records *in camera* to ensure that producing them to Defendants will not impinge upon the rights of third parties to this litigation. After reviewing the documents, the court will determine whether the records should be produced in their entirety or produced in redacted form.

b) Plaintiff shall file the authorizations with the court no later than February 2, 2007.

c) Plaintiff shall provide the authorizations and a copy of this order to Dr. Brent and Ms. Flory no later than February 2, 2007.

d) If Plaintiff chooses not to authorize the release of her medical records in the possession of Dr. Brent and Ms. Flory, her claims for emotional damages shall be dismissed. To be clear, such dismissal shall mean that <u>no witness will be permitted to testify on the subject of Plaintiff's mental health, emotional distress, or emotional damages.</u>

2) Defendants' request for a continuance is **GRANTED**.

a) The deadline for completion of discovery is February 13, 2007.

b) Dispositive motions and supporting briefs shall be filed no later than March 16, 2007.

c) All motions *in limine*, if any, accompanied by supporting briefs, shall be filed no later than May 8, 2007, responses to motions *in limine* shall be filed no later than May 18, 2007, and reply briefs to motions *in limine* shall be filed no later than May 25, 2007.

d) Pretrial memoranda shall be filed on or before noon on June 8, 2007, in conformity with the local rules.

e) The pretrial conference is rescheduled from April 20, 2007 to Friday, June 15, 2007 at 10:00 a.m. in the chambers of Courtroom No. 3.

f) This case is removed from the May 2007 trial list and placed on the July 2007 trial list.  Jury selection for the cases on the July list will begin at 9:30 a.m. on Tuesday, July 10, 2007, in Courtroom No. 3, Eighth Floor, Federal Building, Third and Walnut Streets, Harrisburg, Pennsylvania.  Trials will commence following the completion of jury selections.  A date certain for trial may be discussed at the pretrial conference; however, counsel are expected to be prepared to go forward with trial at any time during the trial term.

3) Disposition of Defendants' motion for sanctions is deferred until the conclusion of the merits of this case.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated:  January 22, 2007.